276 F.2d 722
 GENERAL FOODS CORPORATION, MAXWELL HOUSE DIVISION, Libelant-Appellant,
v.
THE MORMACSURF, her engines, boilers, etc., and Moore-McCormack Lines, Inc., Respondent-Appellee.
H. L. McKINNON CO., LTD., Libelant-Appellant,
v.
THE MORMACSURF, her engines, boilers, etc., and Moore-McCormack Lines, Inc., Respondent-Appellee.
 No. 114.
 No. 115.
 Docket 25798.
 Docket 25799.
 United States Court of Appeals Second Circuit.
 Argued February 9, 1960.
 Decided April 6, 1960.
 
 Horace T. Atkins, New York City (Atkins & Weymar, New York City, on the brief), for libelants-appellants.
 Eugene Underwood, New York City (Burlingham, Hupper & Kennedy, Herbert M. Lord, New York City, on the brief), for respondent-appellee.
 Before MOORE, Circuit Judge, and SMITH and HERLANDS, District Judges.
 PER CURIAM.
 
 
 1
 Libelants, General Foods Corporation, Maxwell House Division and H. L. McKinnon Co., Ltd., respectively, appeal from decrees dismissing after trial libels against respondents Moore-McCormack Lines, Inc. and S. S. Mormacsurf. The subject matter of the suits was coffee shipped from South America destined for Montreal. The damage was caused by water entering the 'tweendeck area where the coffee was stowed. The bills of lading incorporated the Carriage of Goods by Sea Act (46 U.S.C.A. § 1300 et seq.). All parties are in substantial agreement that the principal question is whether the damage resulted from unseaworthiness, lack of care of the cargo or from negligent management of the ship. If the facts warrant the conclusion that there was fault "in the management of the ship" the law relieves the carrier and the ship from responsibility (46 U.S.C.A. § 1304(2) (a). If unseaworthiness or lack of care be found the libelants should prevail. Naturally from substantial agreement as to the controlling question the parties change to substantial disagreement as to the cause.
 
 
 2
 Libelants' unseaworthiness argument rests upon certain repairs to be made during a stop-over in Brooklyn, i.e., the installation of three swing bolts to the No. 2 deep tank cover — the tank which eventually overflowed causing the damage. The trial court after hearing the witnesses and carefully analyzing the facts found that the repairs had been made and that the "Mormacsurf was at all times seaworthy." This finding, adequately supported by the evidence, renders academic libelants' contention that the voyage should have been regarded "as a voyage in stages" because so repaired the ship was seaworthy from Brooklyn on to Montreal.
 
 
 3
 At Boston the necessity to put the ship in proper ballast for its voyage to Montreal required the No. 2 deep tank to be filled with water. Appropriate orders were given but, as the trial court found, due to an erroneous reading of an ullage* tape a ship's officer miscalculated the amount of unfilled area in the tank. As a result the pumping of ballast water continued, causing the tank cover to bulge under pressure thus permitting water to flood the coffee stowage area. Is this fault negligent care of cargo or negligent mismanagement of the ship? This is the narrow battleground of factual and legal dispute which the parties have significantly named "The Battle of The Bulge."
 
 
 4
 Damage to the cargo alone does not establish liability because as the trial court properly pointed out "To say, as the libellants do, that negligence in ballasting amounts to negligence in the care and custody of cargo is to say no more than that negligent ballasting may well result in damage to cargo." The choice between improper care and management is often difficult. However, looking to the primary purpose of the ballasting operation, it was clearly for the welfare of the entire ship without regard to care of any particular cargo or even cargo as a whole. The negligent pumping in trimming the ship was management intimately connected with her navigation.
 
 
 5
 The trial court's conclusion that the damage resulted from an error "in the management of the vessel within the meaning of the United States Carriage of Goods by Sea Act, Title 46 U.S.Code, Sec. 1304(2) (a)," thus relieving respondents of liability must be affirmed (Leon Bernstein Co. v. Wilhelmsen, 5 Cir., 1956, 232 F.2d 771; The Steel Navigator, 2 Cir., 1928, 23 F.2d 590).
 
 
 6
 Decrees dismissing the libels affirmed.
 
 
 
 Notes:
 
 
 *
 Ullage — the amount which the tank lacked of being full