324 F.2d 835
 FIRESTONE SYNTHETIC FIBERS COMPANY-- DIVISION OF The
FIRESTONE TIRE & RUBBER COMPANY, Libelant-Appellant,
v.
M/S BLACK HERON, her engines, etc. and Black Diamond
Steamship Corp. v. Sverre HOLMEN, Chief Officer,
and Arne Johansen, Carpenter, of the M/S
Black Heron, Respondents-Appellees.
 No. 170, Docket 28055.
 United States Court of Appeals Second Circuit.
 Argued Nov. 14, 1963.
Decided Nov. 20, 1963.
 
 George B. Warburton (of Hill, Rivkins, Louis & Warburton), New York City (Joseph T. McGowan, New York City, on the brief), for libelant-appellant.
 Tallman Bissell (of Haight, Gardner, Poor & Havens), New York City, for respondents-appellees.
 Before LUMBARD, Chief Judge, and KAUFMAN and HAYS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Libelant, Firestone Synthetic Fibers Company, appeals from a decree dismissing a libel against respondents for water damage to a shipment of machinery.
 
 
 2
 The damage occurred when water ballast was introduced through an error of the chief officer into the deep tank in which libelant's cargo was stored rather than into a deep tank that had been kept empty to permit ballasting. One vent of one of the deep tanks was clogged with the residue of tallow transported on a prior voyage. The chief officer, intending to ballast through the other vent of that tank, by-passed it by mistake and inserted the hose in a vent of the deep tank in which libelant's cargo was stored.
 
 
 3
 Libelant contends that the vessel was unseaworthy because of a crack in the port sheer strake plate and the loading of the vessel so that it had an eight foot drag (both allegedly rendering the heavy seas more dangerous) and because of the clogged condition of the vent. Libelant further contends that, since the unseaworthiness of the vessel provided the occasion for the error of pumping the ballast into the wrong tank, it was a concurrent cause of the damage for which the ship is liable. The Walter Raleigh, 1952 A.M.C. 618 (S.D.N.Y.1951), aff'd sub nom. Union Carbide & Carbon Corp. v. United States, 200 F.2d 908 (2d Cir. 1953). The district judge found that the ship was seaworthy and that the damage was caused by the chief officer's error in management for which, under the Carriage of Goods by Sea Act, 46 U.S.C. 1304(2) (a) (1958),[1] the ship was not responsible. See General Foods Corp. v. The Mormacsurf, 276 F.2d 722 (2d Cir.), cert. denied, 364 U.S. 822, 81 S.Ct. 58, 5 L.Ed. 52 (1960). We affirm.
 
 
 4
 Under the Carriage of Goods by Sea Act, 46 U.S.C. 1304(2)(a) (1958), the defense of error in management is not conditioned, as it is under the Harter Act, 46 U.S.C. 192 (1958), on a showing of seaworthiness or due diligence to make the vessel seaworthy. Isbrandtsen Co. v. Federal Ins. Co., 113 F.Supp. 357 (S.D.N.Y.1952), aff'd per curiam, 205 F.2d 679 (2d Cir.), cert. denied, 346 U.S. 866, 74 S.Ct. 106, 98 L.Ed. 377 (1953). Therefore once the carrier has brought forth evidence establishing the defense of error in management the burden is on the shipper to show that the ship was unseaworthy and that the damage was caused by such unseaworthiness. See Isbrandtsen Co. v. Federal Ins. Co., supra.
 
 
 5
 In the trial below the shipper's own expert admitted that, despite the clogged after vent and the other alleged conditions of unseaworthiness, the ship was seaworthy if the forward vent was unclogged. Neither side produced evidence relative to the state of the forward vent. Thus the shipper failed to sustain its burden of showing unseaworthiness, and the court properly found for the respondent.
 
 
 6
 Affirmed.
 
 
 
 [1]
 '(2) Neither the carrier nor the ship shall be responsible for loss or damage arising or resulting from--
 '(a) Act, neglect, or default of the master, mariner, pilot, or the servants of the carrier in the navigation or in the management of the ship;'
 46 U.S.C. 1304(2)(a) (1958).